# IN THE COURT OF APPEALS OF IOWA

No. 19-1404
Filed August 18, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MATTHEW C. CREWS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (South) County, Wyatt Peterson,

Judge.

Matthew Crews appeals following his guilty plea to first-degree burglary.

**APPEAL DISMISSED.**

Nate Nieman, Rock Island, Illinois, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

Matthew Crews pled guilty to first-degree burglary, a class "B" felony. *See* Iowa Code §§ 713.1, .3(1)(b) (2018). Crews waived his right to file a motion in arrest of judgment and requested immediate sentencing. The court entered judgment and sentence, adopting the sentencing recommendations of the parties.

On appeal, Crews raises due process and equal protection challenges to the amended "Iowa Code section 814.6(1)'s appeal bar." The State responds that the court "should dismiss the appeal because this guilty-plea appeal is barred by section 814.6, [Crews] has not asked for 'good cause' review, and his constitutional challenge is both academic and moot." We find the State's argument concerning section 814.6 dispositive.

Iowa Code section 814.6(1)(a)(3) (Supp. 2019) states: "Right of appeal is granted the defendant from [a] final judgment of sentence, except . . . [a] conviction where the defendant has pled guilty," unless "the defendant establishes good cause." "Good cause" means a "legally sufficient reason." *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) (citing *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020)). "A legally sufficient reason to appeal as a matter of right is a reason that, at a minimum, would allow a court to provide some relief on direct appeal." *Id*.

Crews asserts section 814.6 is facially unconstitutional and that fact "*should* constitute 'good cause' to appeal . . . but an appellant should not have to make this additional showing if he has already been convicted under an unconstitutional statute." That is indeed the tack the supreme court took in *Tucker*. The court addressed constitutional challenges to the statute first and answered the question of whether there was good cause to appeal only after rejecting constitutional

challenges to section 814.6. *See Tucker*, 959 N.W.2d at 153 ("Having concluded sections 814.6(1)(a)(3) and 814.7 are constitutional and applicable to this appeal, we turn to whether [the defendant] established good cause to pursue this appeal as a matter of right."); *see also State v. Treptow*, 960 N.W.2d 98, 108 (Iowa 2021) ("Having concluded section 814.6(1)(*a*)(3) is constitutional and governs this appeal, we turn to the question of whether [the defendant] has established good cause to pursue this appeal as a matter of right."). We will proceed in the same fashion.

Crews first argues, "Iowa Code section 814.6(1)'s appeal bar provision is facially unconstitutional under the U.S. Constitution's Fifth and Fourteenth Amendment 'Due Process' Clause and under article I, section 9 of the Iowa Constitution's 'Due Process' Clause." Crews acknowledges he "must show no conceivable set of circumstances exist under which the statute would be valid." And he admits a less scrutinizing "rational basis standard would govern" a statute affecting "a party's right to appeal." Finally, he concedes a restriction on the right to appeal from guilty pleas arguably serves the governmental interest in "prevent[ing] a defendant from challenging a conviction on appeal that he had agreed to accept in the district court." He simply argues that there are "myriad scenarios in which it would still be proper for a defendant to appeal a conviction that he had agreed to accept in the trial court." True. But, as Crews further acknowledges, the good-cause provision may accommodate those scenarios. Based on these concessions and the absence of additional argument on the issue, we conclude section 814.6 does not violate the due process clauses of the federal and state constitutions.

Our conclusion is bolstered by the supreme court's recent holding in *State v. Treptow*, 960 N.W.2d 98, 108 (Iowa 2021). There, the court addressed a due process challenge to a related provision, Iowa Code section 814.7, which bars ineffective-assistance-of-counsel claims on direct appeal. *Treptow*, 960 N.W.2d at 107. The court stated "[t]he right to the effective assistance of appellate counsel where direct appeal is available does not create an entitlement to direct appeal as a matter of right and a further entitlement to present any and all claims on direct appeal as a matter of right." *Id*. The court held, "There is no due process right to present claims of ineffective assistance of counsel on direct appeal." *Id*. at 108. The court's statements do not bode well for a due process challenge to section 814.6.

Crews next asserts, "Iowa Code section 814.6(1)'s appeal bar provision is also facially unconstitutional under the U.S. Constitution's Fourteenth Amendment 'Equal Protection' Clause and under article I, section 9 of the Iowa Constitution's 'Equal Protection' Clause." He notes that "a defendant who pleads guilty to a class 'A' felony can appeal his conviction, whereas a defendant who pleads guilty to a class 'B' felony . . . cannot appeal his conviction under Iowa Code section 814.6(1)(a)(3)." The supreme court addressed this precise argument in *Treptow*. 960 N.W.2d at 105 ("[The defendant] contends section 814.6(1)(*a*)(3) makes an arbitrary distinction between those convicted of a class "A" felony and those convicted of other offenses."). The court categorically stated, "Persons committing different offenses or different levels of offenses are not similarly situated for equal protection purposes." *Id*. *Treptow* is controlling.

Having concluded section 814.6 is constitutional and applicable to this appeal, we next ask whether Crews demonstrated good cause to proceed with the appeal. *See Tucker*, 959 N.W.2d at 153.

In *Tucker*, the court concluded there was no possibility of relief because the defendant "pleaded guilty and requested immediate sentencing" and he "waived his right to file a motion in arrest of judgment," which "preclude[d] appellate relief." *Id.* (citing Iowa R. Crim. P. 2.24(3)(a)). The court went on to address two exceptions to the bar from obtaining relief. *See id.* at 153–54. One is not relevant here. The other, affords a defendant a right of appeal "where the district court failed to adequately advise the defendant of the necessity for filing a motion in arrest of judgment and the consequences of not filing a motion in arrest of judgment." *Id.* at 153. That exception does not afford Crews relief.

The district court advised Crews that, "pursuant to Iowa Code [s]ection 814.6, a defendant that pleads guilty does not have a right to appeal a conviction where that defendant pleads guilty." The court asked Crews, "Do you understand that by pleading guilty here today you—under that Code Section—will not have a right to appeal this conviction?" Crews responded, "Yes, sir." The court also advised Crews of his right to file a motion in arrest of judgment and the time for filing the motion. The court then stated, "A failure to raise such challenges precludes or waives your right to raise these challenges on appeal."

Crews' attorney informed the court that he met with Crews and it was Crew's "strong desire to proceed with immediate sentencing" and, "[a]s part of that he waive[d] his right to file a Motion in Arrest of Judgment." The court asked Crews whether he understood "that by proceeding to sentencing here today that you

would be giving up that right to file a Motion in Arrest of Judgment?" Crews responded, "Yes, sir." The court also confirmed Crews had a right to a delay in sentencing and he was "giving up that right."

Counsel next sought clarification from the court that Crews had no "absolute right to appeal from these proceedings." The court responded, the "lack of ability to appeal a conviction where a defendant pleads guilty would apply." The court's written sentencing order reaffirmed the applicability of section 814.6 to his case and notified Crews of his right to seek discretionary review on the basis of good cause.

We conclude section 814.6 precludes an appeal. We further conclude Crews has not demonstrated the exception to the bar based on mis-advice is inapplicable; Crews was apprised of the section 814.6 bar to appealing guilty pleas; and he was advised of his right to file a motion in arrest of judgment and the consequence of failing to file a motion. But even if Crews could surmount these hurdles, he has requested no relief beyond a declaration that section 814.6 is unconstitutional. He does not challenge any aspect of his plea or sentence. Accordingly, we have nothing to review.

**APPEAL DISMISSED.**